UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TANNER STICKNEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-203-JD-MGG |
| WILLIAM HYATT, | |
| Defendant. | |

OPINION AND ORDER

Tanner Stickney, a prisoner without a lawyer, filed a complaint against Warden William Hyatt, alleging the conditions he was held in at Miami Correctional Facility from June 22, 2021, through March 4, 2022, violated the constitution. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Stickney's one-paragraph complaint does not contain enough information for the court to determine whether it states a claim for relief. In it, he alleges that on June 22, 2021, he was placed in AHU, a Restricted Housing Unit. He says he was never offered

outside recreation and for most of the time, a metal plate covered the window to the outside.

Stickney's allegation that he was denied access to outdoor recreation time, without more, does not state a claim. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). However, "the Constitution does not mandate comfortable prisons," and conditions that may seem "restrictive" or "even harsh" are "part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). Stickney does not appear to be alleging that he was deprived of all physical activity. Though a total lack of exercise would state a claim where "movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988).

> Recreation and the ability to obtain physical exercise have been properly recognized as important human needs. See, *e.g., Davenport v. DeRobertis*, 844 F.2d 1310, 1315–16 (7th Cir. 1988). However, there is no constitutional right to a specific form of recreation. Rather, only the objective harm that *can* result from a significant deprivation of movement implicates the Eighth Amendment. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (the Eighth Amendment is implicated where a denial of exercise causes the muscles to atrophy and threatens the health of the individual).

*Douglas v. DeBruyn*, 936 F. Supp. 572, 578 (S.D. Ind. 1996). Similarly, there is no indication that having a metal plate over the window caused any harm to Stickney. This, too, does not state a claim.

This complaint does not state a claim for which relief can be granted. Nevertheless, Stickney may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to explain what conditions he complains about, how those affected him, who he told about it, and what their response was. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

Additionally, Stickney must resolve his filing fee status. He filed an in forma pauperis motion, but did not attach a copy of his inmate trust fund ledger. If he wants to continue this lawsuit, he needs to file a copy of his inmate trust fund ledger detailing his transactions for the past six months.

For these reasons, the court:

(1) GRANTS Tanner Stickney until **April 25, 2022**, to file an amended complaint and to resolve his filing fee status; and

(2) CAUTIONS Tanner Stickney if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on March 21, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT